LJO

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY FLORES, | CASE NO. 1:08-cv-01415-LJO-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 20) |
| L. FIGURES, | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendant. | |

Plaintiff Mark Anthony Flores ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendant's motion to dismiss. Defendant argues that he is entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim. Defendant also argues that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Defendant filed this motion to dismiss on August 13, 2009. (Doc. #20.) Plaintiff filed an opposition on August 31, 2009. (Doc. #23.) Defendant filed a reply to Plaintiff's opposition on September 9, 2009.[1] (Doc. #24.) This action proceeds on Plaintiff's complaint filed on August 26, 2008.[2] (Doc. #1.) For the reasons set forth below, the

---

[1] Plaintiff filed a response to Defendant's reply on September 23, 2009. (Doc. #26.) However, Plaintiff's response, a surreply, is not a recognized pleading under the local rules of this district. See Local Rule 78-230. Defendants have not objected to Plaintiff's surreply. However the Court finds that the arguments raised in it fail to save this action from dismissal.

[2] Plaintiff filed a First Amended Complaint on April 13, 2009 (Doc. #13) and a Second Amended Complaint on June 19, 2009 (Doc. #16). Plaintiff filed his amended complaints after the Court screened Plaintiff's original complaint and ordered service on Defendants. Plaintiff has not requested leave to file any amended complaints, the Court has not granted Plaintiff leave to file any amended complaints, nor has the Court ordered Plaintiff to file any amended complaints. Therefore, this action proceeds on Plaintiff's original complaint.

1

1 Court finds that Plaintiff has failed to exhaust his administrative remedies related to the claims
2 brought in this lawsuit and recommends that Defendant's motion to dismiss be granted.

3 **I.    Defendant's Motion to Dismiss**

4     Plaintiff claims that Defendant Figures works in "the bubble" and carries a gun that she uses
5 to scare Plaintiff and other inmates. (Compl. 5.) Plaintiff alleges that Figures threatened him and
6 grabbed her gun, making it look like she was getting ready to use it before Plaintiff entered his cell.
7 (Compl. 3.) Plaintiff claims Figures did so "for no good cause." (Compl. 3.) Defendant argues that
8 he is entitled to dismissal because Plaintiff's complaint fails to state a claim for violation of the
9 Eighth Amendment, Plaintiff failed to exhaust his administrative remedies, and Defendant is entitled
10 to qualified immunity.

11     Defendant argues that Plaintiff has admitted that he has not completed the grievance
12 procedure available at his institution. (Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss 4:15-16.)
13 Defendant refers to Plaintiff's complaint, where Plaintiff indicates that the grievance procedure is
14 not completed because of "denial of second level by Defendant." (Compl. 2.)

15     Defendant also argues that Plaintiff fails to state a claim for violation of his Eighth
16 Amendment rights. Defendant argues that threats alone are not sufficient to violate the Eighth
17 Amendment. (Mem. in Supp. of Mot. to Dismiss 5:19-20.) Defendant further argues that Plaintiff's
18 allegations fall short of the standard set in cases where a plaintiff alleges that the defendant made a
19 threat of imminent harm and took action to effectuate that threat. (Mem in Supp. of Mot. to Dismiss
20 5:23-6:4.) Defendant argues that Plaintiff fails to establish the type of "sophisticated psychological
21 torture" required to state a claim. (Mem. in Supp. of Mot. to Dismiss 6:3-4.) Defendant contends
22 that Plaintiff did not allege that Defendant ever pointed a gun at Plaintiff and that it is Defendant's
23 duty to stand "ready to use" her weapon at all times. (Mem. in Supp. of Mot. to Dismiss 6:5-9.)
24 Defendant thus argues that this case is distinguishable from cases where a correctional officer
25 threatened to use force and pointed a gun directly at an inmate while in close proximity. (Mem. in
26 Supp. of Mot. to Dismiss 6:9-11.)

27     Finally, Defendant argues that she is entitled to the defense of qualified immunity.
28 Defendant argues that even if Plaintiff's allegations state a claim under the Eighth Amendment, there

1   is no clearly established legal authority that would put a reasonable correctional officer on notice that
2   making a threat and grabbing a gun and getting ready to use it is unconstitutional. (Mem. in Supp.
3   of Mot. to Dismiss 8:1-3.)

4   In opposition, Plaintiff alleges that he submitted an inmate grievance filed against Defendant
5   Figures that Figures responded to.  (Opp'n and Response to Mot. to Dismiss by Pl. Submitted on
6   08/25/09 1:14-15.)  Plaintiff alleges that the formal level grievance was submitted to the inmate
7   appeals coordinator at Wasco State Prison and the coordinator resubmitted the grievance to Figures.
8   (Opp'n 1:16-19.)  The grievance was then returned to Plaintiff.  (Opp'n 1:19-21.)  Plaintiff
9   resubmitted the grievance to the chief of inmate appeal branch who was unable to address the
10  grievance.  (Opp'n 1:22-24.)  Plaintiff does not explain why.  Plaintiff then "continued with the
11  complaint" against Figures. (Opp'n 1:24-27.) Plaintiff also clarifies the allegations in his complaint
12  by specifically stating that Figures pointed a loaded gun at Plaintiff while threatening him.  (Opp'n
13  2:2-6.)  Plaintiff submitted an inmate grievance requesting a "chrono enemy keep away" against
14  Figures.  (Opp'n 2:5-6.)

15  Defendant replies by arguing that Plaintiff has not presented persuasive evidence that he has
16  exhausted his administrative remedies prior to filing this lawsuit.  Defendant notes that the first
17  grievance mentioned by Plaintiff was filed on August 19, 2008, and that it does not indicate that it
18  was accepted for formal level review. (Reply in Supp. of Def.'s Mot. to Dismiss 2:13-17.)
19  Defendant also notes that the grievance is dated a mere seven days prior to Plaintiff initiating this
20  action on August 26, 2008.  (Reply 2:18-19.)  Defendant argues that an appeals reviewer has fifteen
21  days to respond, thus Plaintiff filed prematurely because he did not give the appeals system sufficient
22  time to address his appeal.  (Reply :2:19-21.)  Defendant also argues that the second grievance
23  mentioned by Plaintiff was filed in February 2009, which was after Plaintiff had already filed suit.
24  (Reply 2:22-3:2.)  Defendant also argues that the second grievance did not put prison officials on
25  notice of Plaintiff's claims.  (Reply 3:2-6.)

26  Defendant also argues that Plaintiff fails to state a claim because the Court should disregard
27  Plaintiff's clarified allegation in his opposition that Defendant pointed a gun at him.  (Reply 3:12-
28  17.)  Defendant argues that Plaintiff's complaint only alleges that Defendant was grabbing the gun

3

and "getting ready to use it." (Reply 3:13-15.) Defendant argues that Plaintiff's vague allegation regarding Defendant's action is not sufficient to state a claim for a violation of the Eighth Amendment.

**III.    Discussion**

    **A.    Failure to Exhaust**

Defendant argues that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit 15, § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which Defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a

4

summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

Defendants point to Plaintiff's complaint to support their contention that Plaintiff has failed to exhaust. Plaintiff's form complaint contains a section that explicitly addresses exhaustion. Plaintiff checked the box for "No" in response to the question "Is the grievance procedure completed?" (Compl. 2.) In response to the next question, "If your answer is no, explain why not," Plaintiff wrote "denial of second level by defendant." (Compl. 2.) Defendant argues that Plaintiff does not explain why Plaintiff did not pursue the appeal to the third and final level before initiating this lawsuit. Plaintiff claims he submitted a grievance that was submitted at the formal level to the inmate appeals coordinator at Wasco State prison. The coordinator in turn submitted the grievance to Defendant Figures. Plaintiff then writes "E. Reviewer's action which was given no respon[s]e by the defendant was returned to plaintiff." (Compl. 1:19-21.) It is not entirely clear what Plaintiff's allegation means, but it appears Plaintiff is alleging that his grievance was returned to him. Plaintiff goes on to allege that he resubmitted the grievance to N. Grannis, the chief of inmate appeals, who was "unable to address the [grievance]." (Compl. 1:22-23.) Plaintiff provides no explanation why Grannis was unable to address his grievance.

There is a factual dispute between parties concerning whether or not Plaintiff attempted to submit a grievance for first level review. Plaintiff contends that he did, and prison officials ignored it. Defendants contend that Plaintiff never filed a grievance for first level review. Defendants provide a declaration from N. Grannis, the Chief of the Inmate Appeals Branch in Sacramento as evidence. (Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss Attachment A.) Grannis states that he has searched the records for appeals from Plaintiff and revealed only one appeal that was accepted for review at the Director's Level, appeal number WSP-09-00044 which was exhausted on April 14, 2009. The appeal concerns an incident that occurred on December 27, 2007 and thus is unrelated to the claims raised in this action.

5

Plaintiff attaches a copy of the alleged grievance that exhausted his administrative appeals. (Opp'n Ex. A-1.) The copy shows that the grievance was submitted at the informal level on August 19, 2008. Plaintiff received an informal response and resubmitted it at the formal level the same day. The grievance also shows that there was no first level, second level, or third level response. Plaintiff also alleges that he submitted a second grievance against Figures, which is also attached as an exhibit. (Opp'n Ex. A-2.) Plaintiff's exhibit shows that the grievance was received on February 26, 2009–long after this lawsuit was initiated. The exhibit also stated that Plaintiff's request for a "keep away" was outside the scope of the inmate appeals process and that Plaintiff failed to indicate how Figures (and correctional officer Urbieta, who is not a defendant in this action) posed a threat to Plaintiff. The appeal itself states that Plaintiff was requesting a "chrono enemy keep away" because Plaintiff had a pending lawsuit against Figures–this lawsuit. Plaintiff's February 2009 grievance could not have exhausted Plaintiff's administrative remedies for his claims in this action because his remedies must be exhausted prior to filing suit.

On review of the evidence, the Court finds that Defendants's evidence is more persuasive and Plaintiff fails to rebut Defendants' demonstration that he failed to exhaust. The Court notes that Plaintiff has made inconsistent allegations regarding whether he exhausted. In Plaintiff's complaint, he initially alleged that he did not exhaust his administrative remedies and that his grievance was denied at the second level. After being served with a copy of the motion to dismiss based on Plaintiff's failure to exhaust, Plaintiff changed his story and alleged that he tried to exhaust but prison officials ignored his first level grievance.

Further, if Plaintiff's first level grievance was returned to him, Plaintiff could still have submitted his grievance for second or third level review. Plaintiff alleges that he submitted his grievance for third level review by sending it to N. Grannis. Plaintiff vaguely alleges that Grannis was "unable to address the [grievance]" (Opp'n 1:22-24) but provides no explanation as to what that means. Plaintiff fails to provide any documentation regarding the alleged third level dismissal, such as a reply from Grannis explaining why they were "unable to address" Plaintiff's grievance.

The Court also notes that the grievance submitted by Plaintiff as evidence did not mention being threatened by a gun until Plaintiff re-submitted the grievance at the formal level. Under the

section entitled "Describe Problem," Plaintiff's grievance described the problem complained-of as:

> This complaint is filed on C/O Figures for disrespect and for keeping [Plaintiff] locked down during dayroom program. On or about 08-19-08 [Plaintiff] walked out his cell at 10:00 hours to speak to the RN for [a] medical issue. I was placed on a liqu[i]d diet for 24 hrs. At any rate when I was done speaking with the RN I sat-down on the bench waiting for dayroom returning back to my cell she did not open the door for no good cause.

(Opp'n Ex. A-1.) Plaintiff only vaguely declares in the section "Action Requested" that Figures should be transferred out of Plaintiff's housing unit because "[Figures] is a danger to inmates in FB5 well she works the bubble." Thus, at the informal level, Plaintiff's grievance complains about Figures' refusal to open a door for Plaintiff and does not mention any threats or pointing a gun at Plaintiff. After Plaintiff received a response, Plaintiff mentions that he was threatened with an M14. When re-submitting at the formal level, Plaintiff writes, "I'm filing a civil rights complaint pursuant to 42 U.S.C. § 1983 for threatening me with the M14 and other [inmates]." Seven days later, Plaintiff's complaint was filed, suggesting that Plaintiff abandoned further levels of appeal and opted instead to file suit. It is also worth noting that it is rather incongruous for Plaintiff to submit a grievance complaining about Figures' failure to open a door, and then upon receiving an unfavorable response threaten to sue for the unrelated offense of threatening him with a gun. Given the inconsistencies within Plaintiff's evidence, the Court finds that Defendants' evidence demonstrating Plaintiff's failure to file a first level formal grievance is more persuasive.

As an alternative basis for concluding that the August 19, 2008 grievance did not exhaust his administrative remedies, the Court finds that the grievance failed to put prison officials on notice of Plaintiff's claims. A grievance must contain sufficient factual specificity to alert the prison of the nature of the wrong for which redress is sought. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). Plaintiff must "'provide enough information . . . to allow prison officials to take appropriate responsive measures.'" Id. at 1121 (quoting Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004)). Plaintiff's August 19, 2008 Even if Plaintiff's grievance was ignored, the grievance did not put prison officials on notice of Plaintiff's claims. See Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004)). Plaintiff's grievance complained about Figures' failure

7

to open a door for Plaintiff, an issue which is not the subject of this lawsuit. Plaintiff did not even mention being threatened with a gun until he allegedly re-submitted the grievance at the formal level. Even then, Plaintiff did not complain about being threatened with a gun, Plaintiff threatened to sue Figures' for the gun/threat incident due to the unfavorable response he received at the informal level. Thus, Plaintiff's grievance did not "allow prison officials to take appropriate responsive measures" regarding the incident at issue in this lawsuit–being threatened with a gun.

Thus, Plaintiff filed this lawsuit prematurely because on the day he initiated suit, his administrative remedies were not exhausted. Defendant is entitled to dismissal of this action due to Plaintiff's failure to fulfill the exhaustion requirement required by the PLRA.

### B. Failure to State a Claim and Qualified Immunity

Defendant also argues that Plaintiff's complaint fails to state a claim for a violation of the Eighth Amendment. Defendant also contends that they are entitled to qualified immunity. Because the Court finds that Defendant is entitled to dismissal because Plaintiff failed to exhaust his administrative remedies prior to filing suit, the Court refrains from addressing the alternative grounds for dismissal presented by Defendant.

### III. Conclusion and Recommendation

The Court finds that Plaintiff filed this lawsuit before his administrative remedies were exhausted. Plaintiff appears to allege that prison officials were not processing his grievances properly. However, Plaintiff fails to provide persuasive evidence rebutting Defendants' showing that Plaintiff failed to exhaust his administrative remedies. Thus, the Court finds that Defendant is entitled to dismissal based on Plaintiff's failure to fulfill the exhaustion requirement of the PLRA.

Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to dismiss, filed on August 13, 2009, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 28, 2009**                    **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE